UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-478-MR-DCK

DOROTHY C. KNOTTS, )
) MEMORANDUM AND
Plaintiff, ) RECOMMENDATION
v. )
)
)
UNC CHARLOTTE FACILITY )
MANAGEMENT, )
)
Defendant. )

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion to Dismiss" (Document No. 12) filed on December 18, 2008. The motion has been referred to the undersigned Magistrate Judge pursuant to U.S.C. §636(b), and immediate review is appropriate. Having fully considered the record, the undersigned recommends that the motion to dismiss be **denied as moot without prejudice**, based upon the following proposed findings of fact and conclusions of law:

**I. Findings of Fact**

In her pro se complaint, the Plaintiff alleges that while employed by UNC Charlotte Facility Management, she was "generally harassed" on the basis of her race and age. (Document No. 1, ¶¶ 5g, 6a, 6f). She indicates that she was employed as a third-shift housekeeper for approximately seven years. (*Id*., p. 8, Exh. A). She indicates she is the oldest housekeeper on her shift and "felt forced to retire in March of 2008 to relieve the stress and humiliation" from alleged harassment by her supervisors. (*Id*.. The Plaintiff disputes the re-assignment of work duties and contends she was

suspended from work. She points to "continuous unwarranted verbal and written counselings (sic) and mandatory anger management" as evidence of harassment. (*Id*. ¶¶ b(1),(2)).

The *pro se* Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and received a "right to sue" letter in December of 2007. She filed a federal complaint against various individual supervisors and UNC Charlotte Facility Management on October 17, 2008. Her *pro se* complaint describes various instances of alleged "general harassment" where she disagreed with her supervisor's management of her job duties and reassignments.

The Defendants filed a motion to dismiss on December 18, 2008. (Document No. 12). The *pro se* Plaintiff was given additional time to respond. (Document No. 14, 17). On February 4, 2009, counsel for Plaintiff entered an appearance. (Document No. 16). The Plaintiff, through counsel, filed an "Amended Complaint" and a "Memorandum in Opposition to the Motion to Dismiss on February 25, 2009. (Document Nos. 19, 20). On March 23, 2009, the Defendants filed a new "Motion to Dismiss" pertaining to the Amended Complaint. (Document No. 24). The Defendants also filed a "Motion to Strike" portions of the Amended Complaint, which has not been referred. (Document No. 26).

## II. Conclusions of Law

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. *Accord Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended

complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); *and see, e.g., Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C.); *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006).

Therefore, because the Plaintiff has filed an Amended Complaint which supersedes the initial Complaint, the undersigned respectfully recommends that the Defendant's Motion to Dismiss (Document No. 12) be denied as moot. The Defendants have already filed a subsequent motion to dismiss in response to the amended complaint.

**IT IS, THEREFORE, RECOMMENDED** that the "Defendant's Motion to Dismiss" (Document No. 12) should be **DENIED as moot.**

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from

raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: May 5, 2009

David C. Keesler
United States Magistrate Judge